IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHAD EDWIN LANGFORD,          ) | |
|                                                          ) | |
|         Plaintiff,                              ) | |
|                                                          ) | |
|         v.                                          ) | Civil Action No. 2:11cv255-TMH |
|                                                          ) | (WO) |
| FEDERAL DEFENDERS, MIDDLE ) | |
| DISTRICT OF ALABAMA, *et al.*,   ) | |
|                                                          ) | |
|         Defendants.                        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

The plaintiff, Chad Edwin Langford ("Langford"), has filed a *Bivens*-type complaint[1] naming as defendants the office of the Federal Defenders for the Middle District of Alabama ("Federal Defenders Office") and John M. Poti, an attorney on the Criminal Justice Act ("CJA")[2] panel whom this court appointed to represent Langford in criminal proceedings that culminated in Langford's conviction for conspiring to distribute methamphetamine and

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498-99 (1978). The standards of liability in a *Bivens* action are similar to the standards under 42 U.S.C. § 1983. *Butz*, 438 U.S. at 50

[2] The CJA, *see* 18 U.S.C. § 3006A, entitles indigent defendants charged with certain federal offenses to court-appointed counsel. The CJA contemplates that, in a "substantial proportion" of cases under the Act, private attorneys will accept the courts' appointment, though bar associations, legal aid agencies, and defender organizations may supply counsel as well. *See* § 3006A(a)(3).

possessing a firearm as a convicted felon.[3]  Langford alleges that his defense counsel failed to provide him with adequate representation as required under the Sixth Amendment to the United States Constitution.  Doc. No. 1 at 2-3.  He seeks to have "ma[de] available to plaintiff in this case all provisions that are made clear in the Sixth Amendment concerning effective counsel"[4] and "all punitive damages that may have occurred due to Sixth Amendment violations."  *Id*. at 4.

Under the Prison Litigation Reform Act of 1996, Pub.L.No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen prisoner complaints and to dismiss a complaint or any portion of a complaint that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[5]  *See* 28 U.S.C. § 1915A(a) & (b); 28 U.S.C. § 1915(e)(2)(B).  The court must therefore examine Langford's complaint to determine whether it states a cognizable claim for relief.

## II.  DISCUSSION

---

[3] *See United States v. Langford*, Criminal Case No. 2:10cr141-MHT.  Langford was sentenced to a total term of 190 months in prison.  His convictions and sentence were affirmed on direct appeal. *See United States v. Langford*, No. 11-12332 (11th Cir. Apr. 5, 2012).

[4] Langford is advised that a civil rights action cannot be used to challenge a criminal conviction. The sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly, is habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see* 28 U.S.C. § 2255.

[5] An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Fed.R.Civ.P. 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Langford contends that defendant Poti, the CJA panel attorney who represented him at trial and through sentencing, rendered ineffective assistance of counsel by being "uncommunicative," by making "virtually no effort" on his behalf subsequent to arraignment, and by "waiv[ing] important rights without authorization from his client." Doc. No. 1 at 3. He makes no allegation of any misconduct by the other named defendant, the Federal Defenders Office, and indeed appears to bemoan the fact that he was appointed a CJA panel attorney (Poti) rather than an attorney employed by the Federal Defenders Office.[6] *Id*. Because Langford presents no factual allegations supporting a reasonable inference of any wrongdoing against him by the Federal Defenders Office – which did not even represent him in his case – his complaint is insufficient to support a plausible claim for relief against this defendant under *Bivens*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).

Even if Langford had presented factual allegations in support of a claim of inadequate representation by the Federal Defenders Office (or a particular attorney employed by that office), his complaint still fails to state a cognizable claim for relief against this defendant, just as it also fails to state a cognizable claim against defendant Poti. It is universally accepted that a *Bivens* action for legal malpractice cannot be maintained against retained or appointed counsel, including federal defenders and defense attorneys appointed under the

---

[6] Langford's three codefendants entered guilty pleas pursuant to plea agreements with the Government and testified against Langford at his trial. One of those codefendants was represented by an attorney employed by the Federal Defenders Office. *See* Criminal Case No. 2:10cr141-MHT.

3

CJA, because they do not act under color of law. *Richards v. Flynn*, 263 Fed. App'x 496, 496 (7th Cir. 2008) (applying *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), which held that under § 1983 "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," in the *Bivens* context); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("[A]n attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance, because "a public defender does not act under color of federal law in performing ... functions as a lawyer to an indigent defendant in a federal criminal proceeding"); *McLeod v. Knowles*, 189 Fed. App'x 297, 297 (5th Cir. 2006) ("[A]n attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or *Bivens*."); *Pagani–Gallego v. Escobedo*, 149 F.3d 1184 at *1 (6th Cir. 1998) (table); *Anderson v. Sonenberg*, 111 F.3d 962 at *1 (C.A.D.C. 1997) (table).

"[A]ttorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government but is instead the government's adversary and hence cannot be subjected to liability under *Bivens* or 42 U.S.C. § 1983. *See Polk County*, 454 U.S. at

4


318–19 n.7, 323 n.13.  *See also, e.g., Tate v. Benson*, 2013 WL 164860, at *2 (D. Del. Jan. 11, 2013) ("*Polk County v. Dodson* applies equally to defense attorneys appointed from the CJA panel."); *Dade v. Griffard*, 2012 WL 27790, at *2 (D. Colo. Jan. 5, 2012) (same).

Langford has failed to demonstrate the required under-color-of-law element for a *Bivens* claim against either defendant named in his complaint.  Because Langford's claims against both the Federal Defenders Office and Poti have no arguable basis in law or in fact and fail to present a cognizable claim upon which relief may be granted under *Bivens*, his complaint should dismissed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before June 4, 2013.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo

determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

   DONE, this 21st day of May, 2013.

                              /s/ Susan Russ Walker
                              SUSAN RUSS WALKER
                              CHIEF UNITED STATES MAGISTRATE JUDGE